UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUSTAVIA W. TAYLOR                               CIVIL ACTION

VERSUS                                           NO. 08-568

LEXINGTON INSURANCE COMPANY                      SECTION "C" (3)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's amended complaint concerns unpaid Katrina-related losses allegedly covered under an insurance policy issued by the defendant.  This matter was originally part of a suit removed on the basis of diversity jurisdiction, *Davis, et al v. Lexington Insurance Co.,* Civ. Act. No. 07-8357 "J."  The claims of each plaintiff in that suit were subsequently severed and each individual plaintiff was ordered to filed an amended complaint.[1]

---

[1] Because original jurisdiction over this plaintiff's claim is based on removal prior to the severance, the Court construes the amended complaint as remaining before the Court on removal for purposes of this jurisdictional analysis.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes. In fact, the amended complaint specifies that "Plaintiff does not believe that his damages will exceed $70,000.00 exclusive of interest and court costs." (Rec. Doc. 1, ¶ 4). The defendant's argument is largely based on remaining policy limits and the possibility of penalties. The plaintiff also details the nature of the damages allegedly sustained in the amended and supplemental complaint. (Rec. Doc. 1, ¶ 6). The defendant fails to overcome the effect of the statement in the petition as to the value of the claim and the Court finds that the defendant has not made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 24th Judicial District Court

for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 13th day of March, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE